# United States Court of Appeals
# for the Fifth Circuit

No. 19-60574
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2021

Lyle W. Cayce
Clerk

Roberto Carlos Flores Barahona,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 001 168

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Roberto Carlos Flores Barahona seeks review of the Board of Immigration Appeals' order, which affirmed the Immigration Judge's denial of his application for withholding of removal under the Convention Against Torture. We deny his petition for review.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60574

I

Flores, a native and citizen of El Salvador, entered the United States in July 2014. The next month, he was charged with being removable from the United States. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). In January 2019, Flores filed an application for withholding of removal under the Convention Against Torture (CAT).[1]

At his hearing before an Immigration Judge, Flores testified and submitted evidence to support his application. He claimed that, in 2011, he received an extortion demand and death threat from a gang; he believed that corrupt police worked with this gang. Flores reported the extortion demand and death threat to the police in a neighboring town. The police offered him protection for three years in exchange for help with finding gang members. Flores testified that nothing happened to him while he was under police protection. In 2014, he received another extortion demand and death threat from the gang, at which point he left El Salvador for the United States. In 2015, Flores learned that he was the subject of an Interpol Red Notice, in which the El Salvador government charged him with criminal gang activity in El Salvador. Flores claimed that the corrupt police officers who worked with the gang falsely charged him so that he would be detained in prison and tortured upon his return to El Salvador.

Based on Flores's testimony and the evidence presented, the IJ found that "it [wa]s likely [Flores] could suffer torture at the hands of" the gang in El Salvador. However, the IJ determined that Flores was not eligible for protection under the CAT because he had failed to demonstrate that a public

---

[1] Flores also filed applications for asylum under 8 U.S.C. § 1158(a)(1) and withholding of removal under 8 U.S.C. § 1231(b)(3)(A), which the Immigration Judge denied. Because Flores did not appeal the denial of these two applications before the BIA, we do not address them.

No. 19-60574

official in El Salvador would be involved in his torture. The IJ therefore denied Flores's application.

Flores appealed to the Board of Immigration Appeals, arguing that he had shown sufficient state involvement in his torture and was therefore eligible for protection under the CAT. The BIA adopted and affirmed the IJ's finding that Flores had not established that a public official in El Salvador would torture him, acquiesce in his torture, or be willfully blind to his torture by others. The BIA therefore dismissed Flores's appeal. Flores timely filed this petition for review.

## II

We review the BIA's decision and "consider the IJ's decision only to the extent it influenced the BIA." *Martinez Manzanares v. Barr*, 925 F.3d 222, 226 (5th Cir. 2019). We review the BIA's legal determinations de novo. *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). And we review its factual findings "to determine if they are supported by substantial evidence in the record." *Id.* Under this substantial evidence standard, "[w]e will reverse the BIA's factual determinations only if the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Martinez Manzanares*, 925 F.3d at 226 (quotation marks and citation omitted).

## III

Flores first contends that he is eligible for withholding of removal under the CAT. He next argues that the BIA engaged in impermissible

3

factfinding and applied the incorrect legal standard when reviewing the IJ's factual findings. We address and reject each argument.

A

To be eligible for relief under the CAT, an applicant must show that (1) it is "more likely than not" that he will be tortured if he returns to the proposed country of removal and (2) there would be "sufficient state action involved in that torture." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006). Only the second requirement is at issue.

To satisfy that second requirement, an applicant must demonstrate that his torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). A public official "acquiesces to torture when he or she has prior awareness of such activity and thereafter breaches his or her legal responsibility to intervene to prevent such activity." *Iruegas-Valdez*, 846 F.3d at 812 (cleaned up). An applicant may also satisfy his burden of showing acquiescence by demonstrating the "government's willful blindness of tortuous activity." *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010).

Flores argues that his testimony and the 2017 El Salvador Human Rights Report, which he submitted in support of his application,[2] show that the police in El Salvador will acquiesce in his torture by gang members. Specifically, he claims that the police in his town were aware of gang members' efforts to extort money from him, those corrupt police helped the

---

[2] Flores also relies on the 2018 El Salvador Human Rights report. However, Flores did not submit that report as evidence in support of his application. Since the report is not part of the administrative record, we may not consider it. *See Terrazas-Hernandez v. Barr*, 924 F.3d 768, 774 (5th Cir. 2019).

gang members to avoid arrest, and they instead falsely charged Flores so that he would be detained and tortured upon his return to El Salvador.

Flores has not met his burden to show that the record compels us to reverse the BIA's finding that he did not satisfy the state action requirement. When asked why he believed the police were corrupt and involved with the gang that threatened and extorted him, Flores did not offer any specific details but instead testified that he knew corrupt police worked with the gang "[b]ecause it would be shown on the news." Flores relies on the 2017 El Salvador Human Rights Report to show that police corruption is widespread in El Salvador. But he does not demonstrate how the report supports his claim that the police from his town were working with the gang that threatened him. Flores also argues that he has shown acquiescence because the police in the neighboring town did not arrest any of the gang members who threatened him. However, "failure to apprehend the persons threatening" an individual does not constitute sufficient state action for purposes of the CAT. *Tamara-Gomez*, 447 F.3d at 351. Moreover, the protection that Flores received from the police for the three years that he served as a protected witness further belies an inference that public officials in El Salvador would acquiesce in his torture. *See id.*

B

Flores also argues that the BIA applied an incorrect standard of review and engaged in improper factfinding. When reviewing an order from an IJ, the BIA reviews questions of law de novo and findings of fact for clear error. 8 C.F.R. § 1003.1(d)(3)(i)–(ii). The BIA cannot engage in factfinding, except to administratively notice common facts or official documents. *Id.* § 1003.1(d)(3)(iv).

The record refutes Flores's argument. The BIA reviewed the IJ's finding of insufficient state action for clear error, the correct standard of

review. And the BIA did not engage in any factfinding—it adopted the findings of the IJ and introduced no new evidence.

For these reasons, we DENY the petition for review.